HEARD NOVEMBER TERM, 1875.

## LOYNS *vs.* TEDDER.

An agricultural lien not recorded within thirty days, though afterwards recorded, is good between the parties, and may be enforced by warrant issued by the Clerk.

BEFORE TOWNSEND, J., AT CHAMBERS, AT MARION, DECEMBER, 1874.

On the 4th of February, 1874, David Tedder gave to A. W. Loyns a lien under the Act to secure advances for agricultural purposes. It bore date on the day it was given, and was recorded in Marion, where Tedder resided, on the 26th of May, 1874.

On the 26th of November, 1874, on the affidavit of Loyns, a warrant to the Sheriff to seize the crop of Tedder was issued by the Clerk of the Court, and this was a motion, made on behalf of Tedder, to set aside the warrant, on the grounds:

1. Of payment.

2. That the lien was not recorded within thirty days, as prescribed by the Act.

His Honor denied the motion on the first ground and sustained it upon the second.

Loyns appealed to this Court.

*McIver*, for appellant.

*Harllee*, contra.

March 1, 1876.   The opinion of the Court was delivered by

WRIGHT, A. J.   The important question which is presented for the consideration of this Court, is whether a contract made as provided by the Act "to secure advances for agricultural purposes" can be enforced between the persons where the rights of creditors or third parties are not involved, when such agreement has not been recorded within the time prescribed by the Act.

The recording of the instrument in writing is no part of the agreement between the contracting parties; it is simply notice to and for the protection of creditors or third parties.   The full and required execution of the agreement between the contracting parties is to them what the recording is to creditors or third parties— explicit notice; and though the instrument may not be recorded within the time required by statute, when reduced to writing, signed and delivered, as between the parties, the contract is complete, valid, binding, and should be enforced as between them.

This doctrine seems to have been well adjudicated and settled. The Act of 1785, (7 Stat., 232,) required as follows: "That no conveyance of land, tenements or hereditaments, within this State, shall pass, alter or change from one person to another any estate or inheritance in fee simple, or any estate for life, nor shall any greater or higher estate made or take effect in any person or persons, or any use thereof to be made by bargain or sale, lease or release, or other instrument, unless the same is made in writing, signed, sealed and recorded in the Clerk's office of the County where the land mentioned to be passed or granted shall lie, in manner following, that is to say: if the person or persons who shall make and seal such instrument of writing shall reside within the State at the time of making, signing and sealing the same, then the recording shall be within six months from the signing, sealing and delivering," &c.   Under this Act, where a deed was not recorded within the time prescribed by the same, in the case of *McFall* vs. *Sherrard*, (Harp., 296,) it was held that the actual notice supplied the omission to record within six months.   Also, by the Act of 1823, (6 Stat., 212,) as to the recording of marriage settlements, that statute says " that no marriage settlement shall be valid until recorded in the office of the Secretary of State, and in the office of the Register of *Mesne Conveyance* of the District where the parties reside : *Provided,* That the parties shall have three months to record the same; and if not recorded within three months, the same shall be null and void."

In the case of *Givens* vs. *Branford*, (2 McC., 152,) which arose under this Act, it was held that a marriage settlement, though not recorded, protects the property settled against the claims of a creditor who had received explicit notice of the settlement previous to his contracting. The learned Judge who delivered the opinion of the Court in that case has cited sufficient authority to clearly show that the views expressed in this opinion are fully sustained.

The instrument in question was recorded, but not within the time prescribed by the statute; but having been recorded, and no other lien having been given upon respondent's crop, and no creditor or creditors intervening, it was competent for and the duty of the Clerk of the Court to proceed, according to law, to enforce the conditions of the agreement.

The motion is granted.

*Moses*, C. J., and *Willard*, A. J., concurred.